COPE, J.
(concurring).
I concur that affirmance is in order under the circumstances of this case.
Plaintiff-appellant Malke Dunaeyeschi (“insured”) is a resident of- Caracas, Venezuela. She purchased a health insurance policy from defendant-appellee American Pioneer Life Insurance Co. (“insurer”) She submitted a claim for policy benefits, which was denied.
The insured sued the insurer in circuit court and the insurer timely invoked the arbitration clause of the insurance policy. The insurance policy contains an arbitration clause which calls for arbitration in Jackson, Mississippi.[1]
The insured argued that the arbitration clause was void. The insured reasoned that under section 627.428, Florida Statutes (2003), she would be entitled to attorney’s fees if she prevailed in her lawsuit *418 against the insurance company. She interpreted the arbitration clause as prohibiting an award of attorneys fees. She points to the part of the arbitration clause which states, “The Company’s liability in any such arbitration shall be limited to such amounts as the arbitrators may determine are due under this policy, with such interest thereon and such costs of the arbitration proceeding, if any, as the arbitrators may direct.” The insured argued that a prohibition on the award of attorney’s fees would violate Florida law and that the arbitration clause should be declared void. The insured relied on Paladino v. Avnet, Inc., 134 F.3d 1054 (11th Cir.1998), and Mayard-Paul v. The Mega Life & Health Insurance Co., 15 Fla. L. Weekly Fed. D88, 2001 WL 1711519 (S.D.Fla. Dec. 21, 2001).
The trial court disagreed with the insured’s interpretation of the arbitration clause. The court concluded that the arbitration clause addresses the issue of compensatory damages but is silent on the issue of attorney’s fees. The trial court ruled that the arbitration clause does not prohibit an attorney’s fee award.
The trial court granted the insurer’s motion to compel arbitration, stating, “The attorneys fees (627.428) claimed under the count being arbitrated shall be determined as part of the arbitration.” The insured has appealed, contending that the entire arbitration clause is void.
I agree with the majority that under the circumstances of this case, the arbitration clause is not void. The trial court has ruled that attorney’s fees are available under section 627.428. The insurer has not cross-appealed that determination.
While the foregoing is sufficient to dispose of the present case, I write separately to point out that according to the insurance policy, the insurer in this case is headquartered in Orlando, Florida. The insured’s counsel states that the insurance policy was purchased through an agent in the Miami area. Although not addressed by the parties, both of these facts raise the question what the insurer’s obligations may be under the Florida Insurance Code. Florida has an interest in seeing that insureds are treated fairly in claim disputes, whether the insureds reside in Florida or elsewhere.
While the parties have not briefed the point, it may be that section 627.637, Florida Statutes, is applicable in this situation. If applicable, the statute would require the policy to “be construed as though its terms and provisions were in conformity with those required by this chapter [627, Florida Statutes]....” If so, that statute would support the trial court’s conclusion that section 627.428 applies in a case like the present one.[2]

. The arbitration clause states:
DISPUTES AND LEGAL ACTIONS
Any disputes arising out of this policy, or its alleged breach, may, if not resolved by the parties, be referred to arbitration by either of them. Such arbitration shall be conducted in the City of Jackson, Mississippi, USA, in accordance with Commercial Arbitration Rules of the American Arbitration Association, and Judgement on any award rendered in such arbitration may be entered in any state or federal court in such City. Such arbitration shall be the sole remedy for any alleged breach of this policy. Notices in connection with such arbitration and process in any judicial proceeding in connection [therewith may be served by personal delivery or registered mail on the Company .at its home office in Florida, and on the insured at the most current address appearing on the records o'f the Company, with the same effect as if personally served in such City. The Company’s liability in any such arbitration shall be limited to such amounts as the arbitrators may determine are due under this policy, with such interest thereon and such costs of the arbitration proceeding, if any, as the arbitrators may direct. In no event shall thé Company be liable for any extra-contractual damages whether characterized, without limitation, as consequential, exemplary, punitive, or tort damages, for. any alleged breach of the policy..

. There is a partial statutory exemption for certain international health insurance policies, but that exemption appears to be limited to insurance policies sold at an international airport in Florida. See § 624.123, Fla. Stat. (2003).